**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WYAUNTE H. COUSIN,<br><br>        Plaintiff,<br><br>  v.<br><br>DANIEL MOISA,<br><br>        Defendant. | Case No. 2:23-cv-08350-SPG (ADS)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, the Report and Recommendation of the United States Magistrate Judge (ECF No. 70 ("Report")), and Plaintiff's Objection (ECF No. 73 ("Objection")). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

      The Report recommends the dismissal of the Complaint, which Plaintiff declined to amend, for failure to state a claim. Plaintiff's objections to the Report do not merit any change to the Report's findings or recommendations.

      First, Plaintiff contends that the Magistrate Judge misrepresented his Complaint regarding failure to exhaust administrative remedies. (Objection at 3). The Court concurs with the Report's finding that Plaintiff did not administratively

exhaust his First and Fourteenth Amendment claims before filing this action. (Report at 7–8). His administrative grievance did not assert that the visual strip search offended his religious beliefs. *See* (ECF No. 1 at 14–15). Nor did his grievance allege that the visual strip search was conducted in the presence of female officers. *See* (*id.*). Thus, the Report correctly concluded that Plaintiff failed to exhaust administrative remedies for his First and Fourteenth Amendment claims.

Second, Plaintiff argues that there are "no factual disputes to the pleadings" contained in the Complaint. (Objection at 3) (internal quotation marks omitted). The Objection, however, is not responsive to the Report, which found that, even after assuming all factual allegations are true and drawing inferences in Plaintiff's favor, Plaintiff failed to allege a claim under the Fourth, Eighth, and Fourteenth Amendments. (Report at 9–14). Specifically, Plaintiff failed to allege that the visual strip search was not for a legitimate penological interest; that the search was excessive, vindictive, or harassing; that the search was sufficiently serious to rise to the level of an Eighth Amendment violation; that Defendant was aware of any risk of serious harm; or that the search amounted to brutality. (*Id.* at 10, 12, 13).

Finally, Plaintiff argues that the Magistrate Judge failed to consider the "physical evidence that backs his claims that is not in dispute by Defendant." (Objection at 4) (internal quotation marks omitted). As previously stated, the Objection is not responsive to the Report, which reviewed Plaintiff's factual allegations and found them insufficient to state a claim upon which relief may be granted.

//
//
//
//
//
//

Accordingly, IT IS HEREBY ORDERED:

1. The Report and Recommendation is accepted;
2. The case is dismissed with prejudice; and
3. Judgment is to be entered accordingly.

**IT IS SO ORDERED.**

DATED: August 13, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE